UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMGAD A. HESSEIN, M.D.,<br><br>         Plaintiff,<br><br>v.<br><br>ANN RUBIN, Individually and in her official capacity as Assistant Prosecutor of Union County Prosecutor's Office, *et al.*,<br><br>         Defendants. | Civil Action No. 19-14165 (JXN)(AME)<br><br><u>**OPINION**</u> |

**<u>NEALS</u>**, District Judge

This matter comes before this Court upon Defendant Kay Ehrenkrantz's ("Ehrenkrantz") Motion to Dismiss *pro se* Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), (ECF No. 22), in which Defendant Susan Brown-Peitz ("Brown-Peitz") joins (ECF No. 25); Plaintiff's opposition[1] (ECF No. 26); Defendants reply (ECF No. 27); and Plaintiff's surreply (ECF No. 28). This matter is decided without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated herein, and for good cause shown, Defendants' Motion is **GRANTED**.

**I.   BACKGROUND AND PROCEDURAL HISTORY**[2]

The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343,

---

[1] Plaintiff requests entry of default against all Defendants and injunctive relief within the opposition filed, which the Court addresses *infra*. (*See* ECF No. 26, ¶ 21.)

[2] The factual background derives from Plaintiff's Amended Complaint, *see* Am. Compl., ECF No. 17, and Brief in Support of Motion to Dismiss Plaintiff Amgad A. Hessein's Amended Complaint with Prejudice on Behalf of Defendant Kay Ehrenkrantz ("Def. Brf. Supp."), ECF No. 22-1. Plaintiff filed amended complaints under ECF No. 15 and ECF No. 17, which appear to be duplicates. The Court refers to ECF No. 17 when referencing the Amended Complaint. (The Court cites to page numbers listed in the ECF header). When reviewing a motion to dismiss, a court

and supplemental subject matter jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

Plaintiff, Amgad A. Hessein, M.D. ("Hessein" or "Plaintiff"), was the subject of a joint investigation for medical billing fraud by the Union County Prosecutor's Office ("UCPO") and the Office of the Inspector General of the United States Department of Health and Human Services. *See* ECF No. 17, ¶ 17. Defendants Ehrenkrantz and Brown-Peitz each served as a Deputy Attorney General for the State of New Jersey Division of Consumer Affairs located in Essex County, New Jersey. *Id.* ¶¶ 13, 14. In connection with the investigation, the Honorable Joseph P. Donohue, J.S.C., issued two search warrants for Hessein's office for billing and records pertaining to the performance of medical services. *See State v. Hessein,* No. A-1693-16T1, 2018 N.J. Super. Unpub. LEXIS 2166, at *1-2 (N.J. Super. Ct. App. Div. Oct. 1, 2018), *cert. denied*, 204 A.3d 893 (N.J. 2019). Pursuant to the search warrants, the UCPO seized a safe with contents of jewelry, watches, cash, medical records, bank records, accounting records, a 2008 BMW X5 automobile, bank and/or investment accounts, real property located in South Orange and Belmar, New Jersey, patients' charts, Hessein's citizenship certificates, and Hessein's medical school certificates. *See* ECF No. 17, ¶ 19.

Plaintiff alleges that a UCPO investigator, Defendant David Nechmankin ("Nechmankin"), kept the seized assets in his personal office, not the UCPO "Evidence Department" or Asset Forfeiture Unit. *See id*. ¶¶ 20-21. Plaintiff states that Nechmankin testified regarding the forfeited assets in a related State of New Jersey Medical Board administrative hearing that "he did not

---

accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

number or count papers[…]left files and items in his office without supervision, admitted to discrepancy in counting the money resulting in the disappearance of cash money owned by Plaintiff,[…] and placed all of the […]records in his personal office. *Id.* ¶ 21.

Plaintiff ultimately pleaded guilty to second-degree theft by deception, in violation of N.J.S.A. § 2C:20-4a, and second-degree conspiracy to commit health care fraud, in violation of N.J.S.A.. § 2C:5-2a(1). *See id.* ¶ 18. After an unsuccessful motion to withdraw his guilty plea, Plaintiff was sentenced to eight years of incarceration and ordered to pay restitution in the amount of $235,093.75 and forfeit $2,000,000.00. *Id.*

In addition to the criminal prosecution, the New Jersey Board of Medical Examiners revoked Plaintiff's license to practice medicine for, *inter alia*, the illegal billing. *See generally In re Suspension or Revocation of the License of Hessein,* No. A-3308-15T3, 2018 N.J. Super. Unpub. LEXIS 2298 (N.J. Super. Ct. App. Div. Oct. 18, 2018), *cert. denied*, *Matter of Hessein,* 207 A.3d 771 (N.J. 2019). Ehrenkrantz and Brown-Seitz prosecuted the matter. *See id.* ¶ 25.

According to Plaintiff, Defendants UCPO Assistant Prosecutors Robert Rosenthal, Ann Rubin, James Tansy, and Michael Sheets, with Nechmankin's assistance, "covered up amounts of damages," which impeded Plaintiff's ability to defend himself, and misrepresented facts to the Court as well as in the administrative board hearing. *Id.* ¶ 24. Plaintiff claims that Ehrenkrantz and Brown-Seitz acquired his patients' files and medical records from the UCPO "to use as evidence . . . in the administrative board hearing," but did so without "obtain[ing] any prior court orders, agreements, evidence agreements, or any other authoritative permission, accountability, or supervision." *See id.* ¶¶25. Plaintiff further alleges that Brown-Seitz and Ehrenkrantz "used, exposed and obtained these documents from UCPO and Nechmankin without [a] court order in administrative hearing." *Id.* ¶ 28. Plaintiff states that as a result he "was unable to testify, unable

to learn the nature of the accusations against him, and unable to review of these documents, records and patient's [sic] files." *See id.* ¶ 25. Hessein declined to testify on his own behalf in the proceeding. *See In re Suspension or Revocation of the License of Hessein,* 2018 N.J. Super. Unpub. LEXIS 2298, at *25-26.

In 2013, Hessein sued Ehrenkrantz for alleged conduct in connection with the same administrative court proceeding that he references in this matter. *See Hessein v. Union Cty. Prosecutor's Office,* No. 13-4998, 2013 U.S. Dist. LEXIS 167628, at *17 (D.N.J. Nov. 25, 2018) (finding that Ehrenkrantz was entitled to absolute prosecutorial immunity because her "actions were either investigative activities necessary to secure the information needed for [her] decision to initiate a criminal prosecution or prosecutorial functions"), *aff'd,* 569 F. App'x 99 (3d Cir. 2014); *see also Hessein v. Am. Bd. of Anesthesiology, Inc.,* 628 F. App'x 116, 118 (3d Cir. 2015) (dismissing Hessein's claims against the American Board of Anesthesiologists for revoking his certifications in anesthesiology and pain management). *See* Def. Brf. Supp., at 12.

Hessein filed an unsigned complaint in the instant action on June 20, 2019. *See* ECF No. 1. A signed complaint was filed on July 26, 2019, and summonses were issued on October 28, 2019. *See* ECF Nos. 4-5.

On July 17, 2019, the Honorable John M. Deitch, J.S.C., entered an Order Vacating Restraints and *Lis Pendens*, which among other relief, ordered the return of certain of Plaintiff's seized assets, including the automobile, bank and/or investment accounts and the real property. ECF No. 15-1 at 2,3.

On January 17, 2020, Hessein filed a motion for injunctive relief. *See* ECF No. 6. On January 29, 2020, the motion was denied without prejudice, and he was afforded 30 days to

clarify the requested relief and basis for relief. *See* ECF No. 7. On February 26, 2020, Hessein filed a second motion for injunctive relief. *See* ECF No. 8. On September 22, 2020, a status conference was held before this Court. *See* ECF Nos. 9-10. On September 29, 2020, the Court denied the second motion for injunctive relief and dismissed the complaint without prejudice and gave Hessein 30 days to file an amended pleading. *See* ECF No. 11.

On October 2, 2020, Hessein filed a motion for default judgment, which was denied. *See* ECF Nos. 12, 13. On October 27, 2020, Hessein filed an amended complaint, which is the operative pleading. *See* ECF Nos. 15, 17.[3] In the Amended Complaint, Hessein alleges that "Defendants implemented an unconstitutional policy and custom to keep evidence of the accused awaiting trial in the personal office of a county employee with no accountability, supervision, recordkeeping, and no required court orders or supervisory authorization for use in an administrative board hearing." *See* ECF No. 17, ¶ 34. Hessein further alleges that he

> was kept in the dark regarding any and all evidence regarding the allegations against him in his criminal indictment, and Defendants were allowed to continue to use the seized assets against [him] at any time in any regard the Defendants chose under their "policy" and "custom" of evidence keeping and evidence sharing with others agencies and departments.
> . . .

*See id.* ¶ 38.

Plaintiff alleges a violation of his 4th, 5th, 6th and 14th amendment rights, constitutional rights and seeks monetary, injunctive, and declaratory relief under 42 U.S.C. § 1983; state law claims for emotional distress and for refusal to comply with a state court order authorizing release of forfeited property. *See id.* ¶¶ 3, 41. Ehrenkrantz and Brown-Peitz are sued in their official and individual capacities. *See id.* p. 2. In the prayer for relief, Plaintiff demands that Defendants

---

[3] *See* n.1 *supra.*

Ehrenkrantz and Brown-Seitz be enjoined from "further implementation of this unconstitutional policy," *id.* at 12, and compensatory and punitive damages, to release possessions and properties as ordered by Judge Deitch, among other relief. *Id.* at 12,15.

Ehrenkrantz and Brown-Peitz now move to dismiss with prejudice the Amended Complaint pursuant to Fed. R. of Civ. P. 12(b)(1) and 12(b)(6).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

Under Rule 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991). In resolving a Rule 12(b)(1) motion, the Court first determines whether the motion presents a "facial" or "factual" attack "because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele,* 757 F.3d 347, 357 (3d Cir. 2014).

A facial attack argues that a claim on its face "is insufficient to invoke the subject matter jurisdiction of the court," *id.* at 358, and "does not dispute the facts alleged in the complaint," *Davis v. Wells Fargo,* 824 F.3d 333, 346 (3d Cir. 2016). A court reviewing a facial attack must "apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in the favor of the nonmoving party." *Constitution Party of Pa.,* 757 F.3d at 358. In contrast, a factual attack is an argument that "the facts of the case ... do not support the asserted jurisdiction." *Id.* In reviewing a factual attack, the Court may "consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Electronics Inc. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000), *modified on other grounds by Simon v. United States,* 341 F.3d 193 (3d Cir. 2003).

The Third Circuit has "repeatedly cautioned against allowing a

Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction be turned into an attack on the merits." *Davis*, 824 F.3d at 348 (collecting cases). "[W]hen a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at the trial stage.'" *Id*. at 350 (quoting *Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 892 (3d Cir. 1977)).

Generally, courts construe Rule 12(b)(1) motions to dismiss as facial attacks where "the defendants ha[ve] not answered and the parties ha[ve] not engaged in discovery." *See Askew v. Church of the Lord of Jesus Christ,* 684 F.3d 413, 417 (3d Cir. 2012); *NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of New Jersey, Inc.,* No. 12-753, 2014 WL 2854707, at *3-4 (D.N.J. June 23, 2014) (collecting cases). Here, Defendants' motion is a facial attack because it does not dispute the pleaded facts, but rather whether those facts establish Plaintiff's standing to bring this lawsuit. *See* Def. Brf. Supp., at 8-9. The Court thus accepts the pleaded facts as true and draws all reasonable inferences in Plaintiff's favor. *See Constitution Party of Pa., 757* F.3d at 358.

"A motion to dismiss for want of standing is ... properly brought under Rule 12(b)(1) because standing is a jurisdictional matter." *Id.* at 357. A party must have standing to invoke the Court's jurisdiction. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Id.* at 360. To establish constitutional standing, the plaintiff must demonstrate: (1) an injury-in-fact that is concrete and particularized and actual or imminent; (2) a causal connection between the injury and the complained-of conduct; and (3) that it is likely the injury will be redressed by a favorable decision. *Winer Family Trust v. Queen,* 503 F.3d 319, 325 (3d Cir. 2007) (citations omitted).

### B. Rule 12(b)(6)

A party moving to dismiss under Federal Rule of Civil Procedure 12(b)(6) "bears the

7

burden of showing that no claim has been presented." *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005). In considering a 12(b)(6) motion, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the pleader. *Carter v. Bentley Motors Inc.,* 489 F. Supp. 3d 316, 320–21 (D.N.J. 2020) (citing *Evancho v. Fisher,* 423 F.3d 347, 350 (3d Cir. 2005)); *see also Phillips v. Cnty. Of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008). The Court does not decide "whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims[.]'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 n.8, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'") (citations omitted). While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Iqbal,* 556 U.S. at 664. The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Stated differently, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Iqbal*, 556 U.S. 662.

In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010).

In resolving a Rule 12(b)(6) motion to dismiss, the Court accepts all pleaded facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips,* 515 F.3d at 233 (internal quotation marks and citation omitted). To survive, the claims must be facially plausible, meaning that the pleaded facts "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

Courts generally may not consider material extraneous to the pleadings in resolving a motion to dismiss except those documents "integral to or explicitly relied upon in the complaint." *Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.,* 449 F. Supp. 3d 449, 458–59 (D.N.J. 2020) (citing *In re Burlington Coat Factory,* 114 F.3d 1410, 1426 (3d Cir. 1997)). Such documents include exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents, *see Guidotti v. Legal Helpers Debt Resolution,* 716 F.3d 764, 772 (3d Cir. 2013).

In considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Dickerson v. New Jersey Inst. of Tech.,* 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019) (citing *Alston v. Parker,* 363 F.3d 229, 234 (3d Cir. 2004)). This more liberal construction of *pro se* complaints does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g., Fantone v. Latini,* 780 F.3d 184, 193 (3d Cir. 2015) ("a pro se complaint ... must be held to 'less stringent standards than formal pleadings drafted by lawyers;' ... but we nonetheless review the pleading to ensure that it has 'sufficient factual matter;

9

accepted as true; to state a claim to relief that is plausible on [its] face.'"); *Badger v. City of Phila. Office of Prop. Assessment,* 563 F. App'x 152, 154 (3d Cir. 2014) ("Complaints filed pro se are construed liberally, but even a pro se complaint must state a plausible claim for relief."); *Herron v. Guralnick,* No. CV1917699RMBMKW, 2020 WL 3542344, at *2 (D.N.J. June 30, 2020).

### III. DISCUSSION

In support of their motion, Defendants Ehrenkrantz and Brown-Seitz argue that Plaintiff's Amended Complaint should be dismissed for six reasons. *See* Def. Brf. Supp., at 8. First, the complained of conduct relates to trial preparation and the presentation of evidence in a judicial proceeding on behalf of the State of New Jersey for which Defendants enjoy absolute prosecutorial immunity. *Id.* Second, Defendants are entitled to qualified immunity because Plaintiff has not demonstrated that Defendants violated any constitutional or statutory right during Plaintiff's prosecutions. *Id.* at 8-9. Third, Eleventh Amendment sovereign immunity bars all claims for monetary damages against Defendants in their official capacity as deputies within the New Jersey Office of the Attorney General, an "arm" of the State of New Jersey. *Id.* Fourth, neither Defendant in their official capacity is a "person" amenable to suit under 42 U.S.C. § 1983, warranting dismissal of all monetary claims. *Id.* Fifth, Plaintiff fails to adequately plead for injunctive relief, which cannot be obtained for past conduct. As Hessein's prosecutions have concluded, there is no evidence of future constitutional harm and the claim for injunctive relief should be dismissed, accordingly. *Id.* Sixth, Plainitiff's request for declaratory relief is buttressed on past conduct, without a concrete, cognizable risk of imminent harm, which makes the claim for declaratory relief untenable as a matter of law. *Id.*

In opposition, Plaintiff contends that Defendants' motion does not deny any of the

allegations set forth in the Amended Complaint or Plaintiff's "infringed constitutional rights to his properties and possession seized and retained by the Defendants." Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Plf. Opp. Memo"), ECF No. 26, ¶ 6. Plaintiff further asserts that "Defendants continue to this day to deprive Plaintiff of his personal property, possessions and livelihood[….]." Plf. Opp. Memo, ¶ 7. Plaintiff in his opposition appears to challenge the calling of Dr. Yanow as a witness against him in the administrative proceeding by Ehrenkrantz, asserting that Yanow was not qualified to testify as an expert. *Id.* ¶¶ 12, 13. Plaintiff contends that this demonstrates that Plaintiff's patient charts and files are still in the defendants' possession and control. *Id.* ¶ 13. Plaintiff states that in support of the Motion to Dismiss, Ehrenkrantz provided no "accounting or defense to the return of the seized assets." *Id.* ¶ 16.

The crux of Plaintiff's claim for injunctive relief appears to be that Defendant UCPO refuses to comply with a state court order to return Plaintiff's property, which the UCPO had seized in conjunction with the criminal prosecution against Plaintiff, for which he pled guilty and has completed his sentence. *Id.* ¶¶ 17, 18, 19, 20. Plaintiff indicates that as of June 30, 2021, Defendant UCPO released the 2008 BMW X5 but retains the rest of the seized property. *Id.* ¶ 19.

Plaintiff makes procedural arguments that the "State Defendants"[4] untimely filed their Motion to Dismiss and Reply pursuant to Fed. R. Civ. P. 12(a)(1)(A)i and 27(a)(4) respectively. ECF No. 28 at 1, 2. Plaintiff asserts that the June 2, 2021 filing date of the Motion to Dismiss was beyond the time to answer or otherwise plead based on the April 21, 2021 issuance of the summons. *Id.* at 2. As to Defendants' Reply, Plaintiff argues that based on the June 18, 2021 filing of his response to the Motion to Dismiss, the State Defendants' July 2, 2021 filing of their Reply

---

[4] Plaintiff refers to Ehrenkrantz and Brown-Seitz as the "State Defendants" within Plaintiff's surreply. ECF No. 28.

11

was beyond 7 days thereafter. As a result, Plaintiff requests that the Court strike Defendants' pleadings. *Id.*

Plaintiff also requests entry of a default judgment as to all named defendants, excluding the State Defendants. *Id.* at 3. In addition, Plaintiff renews his request for injunctive relief and sets out the basis for his standing for such relief. *Id.*

In opposition to Defendants' assertion of prosecutorial immunity, Plaintiff states he "is not requesting that any action be taken regarding the already concluded cases, such as the administrative licensing proceedings or the state proceedings re-visited by the State Defendants in their various filings." *Id.* at 4. Plaintiff then reiterates that he is "seeking the return of his property [….]"[5] *Id.*

Although not properly raised by formal motion practice, the Court will address the request for default and for injunctive relief prior to addressing Defendants' Motion, as *pro se* filings are held to less stringent standards than formal filings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Alston,* 363 F.3d at 234.

Plaintiff has previously moved before this Court to enter default judgment in this matter, ECF No. 12, which the Court denied on the basis that "Plaintiff had not first sought entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure." ECF No. 13. In Plaintiff's opposition and surreply to the instant Motion, Plaintiff has demonstrated a degree of familiarity with the Federal Rules of Civil Procedure. *See e.g.,* ECF No. 28 at 1, 2; *see also* ECF No. 26 at 1 (Plaintiff makes specific reference to Rule 55 in his Memorandum in Opposition). Nevertheless, Plaintiff has yet to first seek entry of default in this matter, however, and the request for entry of default judgment referenced in Plaintiff's opposition papers is again denied for the same reasons

---

[5] Plaintiff's filing at ECF No. 28 ends abruptly at p. 4.

12

stated in the October 7, 2020 Order entered by the Honorable Susan D. Wigenton, U.S.D.J., namely "Plaintiff had not first sought entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure." *See* ECF No. 13.

As to the injunctive relief that Plaintiff addresses within his opposition papers, Plaintiff includes this among the relief sought throughout the Amended Complaint. *See generally* ECF No. 17. As such, this relief could be pursued following the appropriate entry of default. Plaintiff has provided the Court with no grounds for entitlement to injunctive relief, however, at this point in the litigation. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). Accordingly, Plaintiff's request for injunctive relief is denied.

Before proceeding with its analysis, the Court states that it will not reject Defendants' pleadings related to its Motion to Dismiss on the grounds of untimeliness. Plaintiff argues that Defendants untimely filed their Motion and Reply, and the filings should therefore be stricken. *See* ECF No. 28 at 1, 2. A review of the CM/ECF filing system shows a June 2, 2021 Clerk's Office entry regarding filing deadlines being set for Defendants' Motion. Plaintiff asserts the passage of time as the sole basis for the request and has presented no basis to find any undue or prejudicial delay, or bad faith by Defendants. *See Adams v. Gould, Inc.,* 739 F.2d 858, 868 (3d Cir.1984) (internal citations omitted); *see also Cureton v. Nat'l Collegiate Althetic Ass'n,* 252 F.3d 267, 273 (3d Cir.2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner") (citations omitted); *Lindquist v. Buckingham Twp.,* Civ. Nos. 03–2431 & 03–2971, 2004 WL 1598735, at *6 (3d Cir. July 19, 2004) (affirming denial of leave to amend complaint to include equal protection claim in light of finding that the documents that the amending party alleged were withheld, and which gave rise to amended claim, were public and

13

delay was, therefore, inexcusable). "It is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it. The action of either in such a case is not reviewable except upon a showing of substantial prejudice to the complaining party." *Herrera v. Murphy,* No. CV 17-4293 (SRC), 2020 WL 6787259, at *1 (D.N.J. Nov. 18, 2020) (citing *Am. Farm Lines v. Black Ball Freight Svc.,* 397 U.S. 532, 539 (1970)) (quotation omitted). Plaintiff does not argue, much less demonstrate, that any delay in filing the motion at bar caused him any prejudice. The Court, in its discretion, will relax any deadline and consider the Motion to Dismiss on its merits.

### A. Prosecutorial Immunity of Ehrenkrantz and Brown-Seitz

Prosecutors enjoy absolute immunity from liability in civil suits for actions taken in their role as prosecutors. *Imbler v. Pachtman,* 424 U.S. 409, 427-28 (1976). The prosecutor bears the burden of demonstrating entitlement to such immunity. *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008). Prosecutorial immunity applies to all activities that are "intimately associated with the judicial process," and shields a prosecutor from liability for alleged wrongdoing that the prosecutor is alleged to have committed while an advocate for the State. *Imbler,* 424 U.S. at 430; *see also Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993) (holding that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity").

Immunity can be overcome if a plaintiff shows that the prosecutor was acting in an administrative or investigatory capacity that "do[es] not relate to [the prosecutor's] preparation for the initiation of a prosecution or for judicial proceedings." *Buckley,* 509 U.S.

14

at 273; *see also Yarris v. Cty. of Del.,* 465 F.3d 129, 137 (3d Cir. 2006) (denying a prosecutor absolute immunity for deliberately destroying exculpatory evidence). As part of its analysis, courts follow a functional approach and review the nature of the alleged conduct rather than the prosecutor's status. *Fogle v. Sokol,* 957 F.3d 148, 159 (3d Cir. 2020) (quoting *Imbler,* 424 U.S. at 430). Courts must analyze the nature of the conduct complained of and its relation to the judicial and prosecutorial process. *Schrob v. Catterson,* 948 F.2d 1402, 1409 (3d Cir. 1991). Consequently, absolute prosecutorial immunity attaches to "any hearing before a tribunal which performed a judicial function." *Burns v. Reed,* 500 U.S. 478, 490 (1991) (citing *Yaselli v. Goff,* 275 U.S. 503 (1927)).

The Supreme Court has also concluded that immunity extends to officials "performing certain functions analogous to those of the prosecutor," holding that "[t]he decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate or move forward with a criminal prosecution." *Butz v. Economou,* 438 U.S. 478, 515 (1978); *see also Zahl v. N.J. Dep't of Law & Pub. Safety,* No. 06-3749, 2008 U.S. Dist. LEXIS 24022, at *67 (D.N.J. Mar. 26, 2008) ("The functional approach to absolute immunity employed in *Buckley* applies to officials, like Harper, advocating for the state in administrative proceedings.").

Absolute prosecutorial immunity encompasses not only actions taken as an advocate before the court, but also extends to investigatory acts "to the extent that the securing of information is necessary to a prosecutor's decision to initiate a criminal prosecution itself," which are cloaked with immunity. *Forsyth v. Kleindienst,* 599 F.2d 1203, 1215 (3d Cir. 1979), *cert. denied,* 453 U.S. 913 (1981).

15

"Asserting a[n] ... immunity defense via a Rule 12(b)(6) motion subjects the defendant to a more challenging standard of review than would apply on summary judgment.'' *Fogle,,* 957 F.3d at 160–61 (citation omitted). "That is because in a motion to dismiss, 'it is the defendant's conduct *as alleged in the complaint* that is scrutinized.'" *Id.* (citing *Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)). "[T]o earn the protections of absolute immunity, a defendant must show that the conduct triggering absolute immunity 'clearly appear[s] on the face of the complaint.'" *Fogle, supra* (citing *Wilson v. Rackmill*, 878 F.2d 772, 776 (3d Cir. 1989)). Immunity, therefore, is neither one-size-fits-all, nor a one-way street. *Fogle,* 957 F.3d at 161.

The immunity analysis "has two basic steps, though they tend to overlap." *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011). First, the court must "ascertain just what conduct forms the basis for the plaintiff's cause of action." *Id.* Then, the court must "determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served," *id.*, to determine whether the Prosecutors have carried their "burden of showing that such immunity is justified for the function in question." *Fogle,* 957 F.3d at 161 (citing *Burns*, 500 U.S. at 486). "Thus, while we tend to discuss prosecutorial immunity based on alleged *acts*, our ultimate analysis is whether a defendant has established absolute prosecutorial immunity from a given *claim*." *Fogle,* 957 F.3d at 161 (emphasis in original).

Using this framework, the Court concludes that Ehrenkrantz and Brown-Seitz are, at this stage, entitled to absolute immunity from Plaintiff's claims if they relate to prosecutorial, not investigative, activity. This requires a "careful dissection of the prosecutor[s'] actions" that support Plaintiff's claims. *Odd*, 538 F.3d at 210. Here, Plaintiff asserts that Ehrenkrantz and Brown-Seitz failed to "obtain any prior court orders, agreements, evidence agreements, or any

other authoritative permission, accountability, or supervision in order to utilize [his] seized assets against him during the administrative board hearing." *See* ECF No. 17, ¶ 25. Plaintiff's license revocation proceeding falls squarely within the scope of absolute prosecutorial immunity. *See Butz*, 438 U.S. at 515; *Hessein,* 2013 U.S. Dist. LEXIS 167628, at *17. Plaintiff states that Defendants violated his rights when they presented the seized evidence at the Board of Medical Examiners hearing. Plaintiff's allegations of obtaining and using Plaintiff's seized property for presentation of evidence at a prosecutorial hearing constitute "acts undertaken by a prosecutor in preparing …for trial, and [] occur in the course of [her] role as an advocate for the State." *Buckley,* 509 U.S. at 273. These activities are those "intimately associated with the judicial phase of the criminal process." *Burns*, 500 U.S. at 486, (quoting *Imbler*, 424 U.S. at 430). And as such enjoy absolute immunity. *See Burns*, 500 U.S. at 487–92, (wrongful prosecution); *Imbler*, 424 U.S. at 431, (beginning prosecution and presenting the state's case); *Smith v. Holtz*, 210 F.3d 186, 199 n.18 (3d Cir. 2000) (withholding evidence); *Davis v. Grusemeyer*, 996 F.2d 617, 630 n.28 (3d Cir. 1993) (perjury), *overruled on other grounds by Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644 (3d Cir. 1998). In *Yarris*, after closely reviewing the facts, the Court held that the prosecutors were entitled to absolute immunity from a claim that they had obtained a false statement from a jailhouse informant. 465 F.3d at 139. The Court's conclusion turned on the attorneys' work in preparation for trial with the prosecutors acting as "advocates rather than investigators." *Id.*; *Fogle,* 957 F.3d at 164.

Here, Plaintiff has alleged no facts within the Amended Complaint that Defendants Ehrenkrantz and Brown-Seitz acted in a non-prosecutorial capacity. Accordingly, Defendants are

entitled to dismissal of Plaintiff's Amended Complaint. The Court need not address the remaining grounds presented by Defendants for dismissal of Plaintiff's Amended Complaint.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendant Kay Ehrenkrantz's Motion to Dismiss *pro se* Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), (ECF No. 22), in which Defendant Susan Brown-Peitz joins (ECF No. 25) is **GRANTED**. The Amended Complaint against Defendants Kay Ehrenkrantz and Susan Brown-Peitz is **DISMISSED WITH PREJUDICE**. *Pro se* Plaintiff's request for entry of default against all Defendants and for injunctive relief, raised not by formal motion but by way of the opposition filed (ECF No. 26 ¶ 21), is **DENIED**.

An appropriate Form of Order accompanies this Opinion.

Dated: September 19, 2022

                                              **JULIEN XAVIER NEALS**
                                              **United States District Judge**

---

[6] The Court makes no finding as to the sufficiency of the remaining grounds but notes that certain grounds such as qualified immunity may require facts beyond the pleadings for a determination.